**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LORITA BRYAN,

       Plaintiff-Appellant,

v.

       No. 97-6425

OFFICE OF PERSONNEL MANAGEMENT,

       Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 97-CV-982)**

_____

Glen Mullins, Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Robert A. Bradford (Patrick M. Ryan, United States Attorney, with him on the brief), Assistant United States Attorney, Oklahoma City, Oklahoma, for Defendant-Appellee.

Terry B. Dowd of Miller & Chevalier, and James R. Barnett of Gordon & Barnett, Washington, D.C., filed a brief for amici Curiae Blue Cross and Blue Shield Association and the Association of Federal Health Organizations.

_____

Before **ANDERSON, BRORBY**, Circuit Judges, and **CAMPBELL**[*], District Judge.

_____

[*] The Honorable Tena Campbell, United States District Court Judge for the District of Utah, sitting by designation.

**BRORBY**, Circuit Judge.

---

Plaintiff-Appellant, Mrs. Lorita Bryan, appeals a district court order dismissing her suit against the Office of Personnel Management to recover health benefits for jaw surgery, plus interest and attorney fees. The district court determined it lacked jurisdiction to award money damages against the Office of Personnel Management, it could not award interest in absence of a monetary judgment, and attorney fees were not warranted under state law or the Equal Access to Justice Act, 28 U.S.C. § 2412. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

In 1992, Mrs. Bryan had reconstructive maxillofacial surgery to correct a skeletal deformity in her jaw. At the time of her surgery, Mrs. Bryan participated in a health benefit plan for federal employees and their dependents provided through the Office of Personnel Management ("Personnel Management"). Pursuant to this plan, Mrs. Bryan submitted three claims for her surgery, totaling $19,744.15, to the plan administrator, Blue Cross/Blue Shield of Oklahoma ("Blue Cross"). Blue Cross denied the claims because it determined the surgery was not medically necessary.

Mrs. Bryan then embarked on a fairly lengthy appeals process. First, she appealed to Personnel Management, which affirmed the denial of benefits because it determined Mrs. Bryan's surgery constituted oral surgery not covered under her plan. Mrs. Bryan then sought judicial review of Personnel Management's decision in district court. The district court granted summary judgment in favor of Personnel Management. Mrs. Bryan filed an appeal with this court but later dismissed it voluntarily when Personnel Management offered to reconsider her claims. Upon joint motion of the parties, the district court withdrew its earlier decision, dismissed the complaint, and remanded the case to Personnel Management. In April 1997, Personnel Management notified Mrs. Bryan it had reconsidered her claims, determined the plan *did cover* her surgery, and Blue Cross would provide benefits up to the contract limits. After receiving this notification, Mrs. Bryan advised Blue Cross and Personnel Management her attorneys were asserting a lien on any benefits she recovered and requested information regarding payment of that lien. Neither party responded to her letters. Mrs. Bryan also filed suit in district court, seeking to recover attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d).

In early July, three months after Personnel Management extended coverage to Mrs. Bryan's surgery, Blue Cross made a payment on one of Mrs. Bryan's three

claims. The payment, accompanied by a brief "Explanation of Benefits," was not for the full amount claimed by Mrs. Bryan.[1] Rather, Blue Cross deducted certain amounts for "noncovered charges" and coinsurance payments. The Explanation of Benefits did not elaborate as to why some charges were "non-covered," stating only that "[b]enefits are not paid for services and supplies not specifically listed as covered in ... [the] plan brochure." Mrs. Bryan sought additional information regarding the calculation of benefits from Blue Cross but Blue Cross failed to provide it. Apparently out of frustration, Mrs. Bryan then amended her complaint to request a judgment for the "benefits owed" plus interest. While her suit was pending, Blue Cross made payments on Mrs. Bryan's remaining two claims. On both claims, Blue Cross paid less than the amount claimed based on deductions for coinsurance and negotiated savings.[2] None of the payments made by Blue Cross acknowledged Mrs. Bryan's attorney's lien.

Personnel Management moved to dismiss Mrs. Bryan's complaint, arguing sovereign immunity barred an award of money damages or interest. The district

---

[1] Mrs. Bryan submitted a claim for $9,220.01 for the services of Dr. Markowitz. Blue Cross paid $2,907.50 on that claim.

[2] Blue Cross paid $6,150.28 of the $9,470.15 claim Mrs. Bryan submitted for the services provided by Columbia Presbyterian Hospital and $675 of the $1,054 claim submitted for the services of Dr. Perkins.

court agreed and dismissed the complaint for lack of jurisdiction. The court also determined the Oklahoma attorney fees statute relied on by Mrs. Bryan was inapplicable and that fees were not appropriate under the Equal Access to Justice Act because the government's position was substantially justified. On appeal, Mrs. Bryan argues (1) the district court had authority to review Personnel Management's calculation of benefits and to enter an order directing Personnel Management to pay the full amount of benefits claimed plus interest; (2) the court erred in allowing Personnel Management to ignore the attorney lien; and (3) attorney fees and costs are warranted under state law and the Equal Access to Justice Act.

## II. Judicial Review

Mrs. Bryan asserts that, pursuant to federal regulation, the district court had jurisdiction to "determine the amount of benefits owed" and enter an order directing Personnel Management to require Blue Cross to pay that amount and honor her attorney's lien. *See* 5 C.F.R. § 890.107. Further, Mrs. Bryan asserts she is entitled to the full amount of benefits claimed ($19,744.15) because Personnel Management failed to provide the court with any information on an alternative calculation. Mrs. Bryan also claims the district court failed to perform a proper judicial review of her benefit claims. We review de novo the district

court's order dismissing the case for lack of subject matter jurisdiction. *Weaver v. United States*, 98 F.3d 518, 519 (10th Cir. 1996).

In order to bring a suit against the government or one of its agencies, a plaintiff must have "a substantive right to the relief sought and an explicit Congressional consent authorizing such relief." *Keesee v. Orr*, 816 F.2d 545, 547 (10th Cir. 1987). Consent is a prerequisite of jurisdiction, *In re Talbot (United States v. Richman)*, 124 F.3d 1201, 1205 (10th Cir. 1997), and the government's consent "defines the terms and conditions upon which it may be sued," *Richman v. Straley*, 48 F.3d 1139, 1146 (10th Cir. 1995). A waiver of sovereign immunity is strictly construed in favor of the sovereign. *Talbot*, 124 F.3d at 1206.

In this case, the Federal Employees Health Benefits Act ("Benefits Act"), 5 U.S.C. §§ 8901 through 8914, governs claims brought under Mrs. Bryan's health benefit plan. The regulations accompanying the Benefits Act delegate authority to resolve benefit claims to the health benefit carrier, in this case Blue Cross. 5 C.F.R. § 890.105(a)(1). If a covered individual, such as Mrs. Bryan, disputes the carrier's resolution of a claim, the individual may seek reconsideration by the carrier and further review by Personnel Management. 5 C.F.R. § 890.105(a)(1) and (b)(3). Only after exhausting these remedies, may the covered individual

seek judicial review of Personnel Management's final action.  5 C.F.R.

§ 890.107(c) and (d).  The regulations limit the role of the courts in a benefits

dispute:

> A covered individual may seek judicial review of OPM's final action
> on the denial of a health benefits claim.  A legal action to review
> final action by OPM involving such denial of health benefits must be
> brought against OPM and not against the carrier or carrier's
> subcontractors.  The recovery in such a suit shall be limited to a
> court order directing OPM to require the carrier to pay the amount of
> benefits in dispute.

5 C.F.R. § 890.107(c).

Congress clearly intended a limited waiver of sovereign immunity in

Benefits Act disputes – courts only have jurisdiction to review final actions, after

exhaustion, and only one remedy is available.  *See id.*  Moreover, because the

Benefits Act does not specifically provide otherwise, the Administrative

Procedure Act; 5 U.S.C. §§ 500 through 706, governs judicial review of final

Personnel Management decisions.  *See Harris v. Mutual of Omaha Cos.*, 992 F.2d

706, 712 (7th Cir. 1993) (concluding the Administrative Procedure Act governs

review of a final Personnel Management decisions); *Caudill v. Blue Cross & Blue

Shield*, 999 F.2d 74, 79 (4th Cir. 1993) (same).  Under the Administrative

Procedure Act,  the court must afford considerable deference to the Personnel

Management's findings and set aside a Personnel Management action only if it

was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law." 5 U.S.C. § 706(2)(A).

Mrs. Bryan seeks more from the district court than this limited waiver of sovereign immunity allows. In her Amended Complaint, Mrs. Bryan alleges "[t]he defendant has breached the terms of the plan and owes plaintiff the benefits she is entitled to under the plan in the amount of $19,744.15" and prays for judgment against the defendant in that amount plus interest.[3] We read this language as a request for monetary judgment against Personnel Management – a remedy not contemplated by the government's waiver of sovereign immunity. *See* 5 C.F.R. § 890.107(c). Because the government has not consented to monetary judgments in Benefits Act disputes, the district court correctly dismissed Mrs. Bryan's suit for lack of jurisdiction.

Moreover, even if we were to construe Mrs. Bryan's complaint as a request for judicial review, the court would still lack jurisdiction in this case because Mrs. Bryan did not meet the terms and conditions defined in the government's waiver of sovereign immunity. *See Richman*, 48 F.3d at 1146. First, the

---

[3] Mrs. Bryan's complaint requests judicial review, but only in regard to Personnel Management's denial of attorney fees under the Equal Access to Justice Act. As discussed below, even if we were to construe this language as a request for judicial review of all her claims, the district court still lacked jurisdiction to hear the case.

regulations require covered individuals to exhaust administrative remedies before seeking judicial review. 5 C.F.R. § 890.107(d)(1). While Mrs. Bryan clearly exhausted her administrative remedies in her first appeal regarding the issue of overall *coverage* of her surgery, she never formally appealed Blue Cross' decision to pay only a portion of the claimed expenses. *See* 5 C.F.R. § 890.105(a) (detailing administrative remedies if a covered individual disputes the carrier's denial of a claim or portion of a claim). Under the federal regulations, a covered individual must submit a request for reconsideration to the carrier in writing and give reasons why the carrier should have approved the denied claim. *See* 5 C.F.R. § 890.105(c). We do not believe Mrs. Bryan's various requests for information fit within this definition, especially considering that Mrs. Bryan made those requests *before* Blue Cross had made payment on all three claims. Even if those letters did amount to a request for reconsideration to Blue Cross, Mrs. Bryan still failed to request further review by Personnel Management, as required by the regulations. *See* 5 C.F.R. § 890.105(a)(1) ("A covered individual must exhaust both the carrier and OPM review processes specified in this section before seeking judicial review of the denied claim.").

Second, courts may only review Personnel Management's "*final* action on the denial of a health benefits claim." 5 C.F.R. § 890.107(c) (emphasis added).

Because Mrs. Bryan failed to exhaust her administrative remedies, Personnel Management never reviewed Blue Cross' calculation of benefits. As such, there is no "final action" by Personnel Management nor an administrative record for the district court to review.

While we recognize the frustration experienced by Mrs. Bryan in attempting resolve her claims, we must adhere to the terms and conditions of the government's waiver of sovereign immunity.[4] *Talbot*, 124 F.3d at 1206 (holding that a waiver of sovereign immunity is strictly construed in favor of the sovereign). Accordingly, we conclude the district court lacked jurisdiction to review Mrs. Bryan's claims and therefore could not order the payment of benefits and/or interest, nor review Personnel Management's/Blue Cross's treatment of the

_____

[4] The district court speculated it would excuse exhaustion if that were the only argument relied on by Appellee because of Mrs. Bryan's "thwarted efforts" to recover benefits. A court may excuse exhaustion if administrative remedies would be futile, when administrative remedies would provide inadequate relief, or when the agency has adopted a policy or practice of general applicability which is contrary to law. *Urban v. Jefferson County School Dist.*, 89 F.3d 720, 724 (10th Cir. 1996). Mrs. Bryan did not raise an excuse of exhaustion argument before this court. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir 1994) (concluding appellant waived issue not raised in his opening brief). Nevertheless, we note administrative remedies are futile or inadequate when a plaintiff alleges "structural or systemic failure and seek[s] system-wide reforms. *Urban*, 89 F.3d at 725 (internal quotation marks and citation omitted). Mrs. Bryan's Amended Complaint does not address such structural deficiencies but focuses on the denial of her particular benefit claims.

attorney's lien.[5]


### III. Attorney Fees

A. Oklahoma Law

Mrs. Bryan first argues an award of attorney fees is appropriate under Oklahoma state statute. The district court concluded the state statute was inapplicable. We review de novo the legal conclusions underlying an award of attorneys' fees. *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1553 (10th Cir.), *cert. denied*, 117 S. Ct. 297 (1996).

Under the Benefits Act, the provisions of contracts issued pursuant to the Act "supersede and preempt" any state or local law which relates to health insurance "to the extent that such law or regulation is inconsistent with such contractual provisions." 5 U.S.C. § 8902(m)(1). Mrs. Bryan's health benefit plan limits recoverable damages to "the amount of contract benefits in dispute, plus simple interest and court costs." Oklahoma law allows courts to award costs and attorneys fees to the prevailing party in a dispute between an insured and insurer.

---

[5] While we recognize the limited jurisdiction of the court in this case, we join with the district court in expressing concern over the manner in which Personnel Management and Blue Cross handled Mrs. Bryan's claims.

Okla. Stat. tit. 36, § 3629(B). Because the Oklahoma statute is inconsistent with the terms of Mrs. Bryan's plan, the provisions of the plan preempt and supercede the statute. Accordingly, the district court did not err in denying attorney fees on that basis.

B. The Equal Access to Justice Act

Mrs. Bryan next argues she is entitled to attorney's fees under the Equal Access to Justice Act. The Equal Access to Justice Act requires a court to award attorney fees to prevailing, non-government parties in civil actions brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Mrs. Bryan contends she is a prevailing party because Personnel Management ultimately granted coverage of her surgery after the parties voluntarily agreed to dismiss the suit. Further, she argues Personnel Management's initial position in denying coverage was not substantially justified because the evidence clearly established her surgery was not oral surgery. The district court disagreed, concluding Personnel Management's position was substantially justified. We review the district court's decision whether to award fees under the Equal Access to Justice Act for abuse of discretion. *Kopunec v. Nelson*, 801 F.2d 1226, 1229 (10th Cir. 1986). However,

-12-

we do not reach the substantial justification issue because we believe Mrs.

Bryan's application was untimely and affirm the denial of fees on that basis. *See*

*United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to

affirm a district court decision on any grounds for which there is a record

sufficient to permit conclusions of law, even grounds not relied upon by the

district court.").

A party seeking an award of fees and expenses under the Equal Access to

Justice Act must submit an application to the court "within thirty days of final

judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment in the

action" is a judgment rendered by a court that terminates the civil action for

which fees may be received. *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir.

1995) (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991)). The so-called

"30-day EAJA clock" begins to run "after the time to appeal that effective final

judgment has expired." *Goatcher*, 57 F.3d at 981 (internal quotation marks and

citation omitted); *see also* 28 U.S.C. § 2412(d)(2)(G) ("'final judgment' means a

judgment that is final and not appealable."). The thirty-day time limitation is

jurisdictional in nature. *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).

In this case, Mrs. Bryan and Personnel Management filed a joint motion to

-13-

voluntarily dismiss the suit and remand it for further consideration at the administrative level.  The district court granted that motion on October 8, 1996 and thereby terminated the civil action for which Mrs. Bryan seeks fees.[6]  Because Mrs. Bryan voluntarily moved to dismiss, she could not appeal the district court's order.[7]  *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680 (1958) (stating the general rule that "a plaintiff who has voluntarily dismissed his complaint may

---

[6] The "final judgment" which triggered the thirty-day clock is the district court's dismissal, not Personnel Management's decision to extend coverage after remand.  *See Melkonyan*, 501 U.S. at 95-96 ("Congress' use of 'judgment' in 28 U.S.C. § 2412 refers to judgments entered by a court of law, and does not encompass decisions rendered by an administrative agency.").  We recognize in certain social security benefit disputes,  the filing period commences "after the postremand proceedings are completed" at the administrative level.  *Id.* at 102 (discussing "sentence six" remand cases under the Social Security Act).  This is so because the Social Security Act requires the Secretary of Health and Human Services to file its postremand findings with the district court and the district court "retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings." *Id.* at 97-98.  We find these cases inapplicable to Mrs. Bryan's situation.  The district court did not retain jurisdiction over Mrs. Bryan's claims and did not contemplate the parties returning to court.

[7] Exceptions to this rule exist, but are inapplicable to Mrs. Bryan's situation.  For instance, movant may appeal an order granting voluntary dismissal where the dismissal is with prejudice, *see, e.g.*, *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 653 (2d Cir. 1996); where the dismissal disposed of fewer than all of plaintiff's claims, *see, e.g., Chappelle*, 84 F.3d at 653; or where the court imposes terms as a condition of permitting dismissal, *see, e.g., LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603-04 (5th Cir. 1976).  None of these exceptions applies here as the district court dismissed all of Mrs. Bryan's claims without prejudice and without condition.  Moreover, even if we were to factor in a sixty-day appeal period, Mrs. Bryan's application would still be untimely. *See* Fed. R. App. P. 4(a)(1) (stating that parties may appeal within sixty days of entry of judgment when the government is a party).

-14-

not sue out a writ of error."); *Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979) ("where the dismissal is upon motion of the plaintiffs themselves ... we will not permit those plaintiffs to appeal").  Accordingly, the "30-day clock" began running October 6, 1996.  Mrs. Bryan did not file her application for fees in district court until June 17, 1997, well after the thirty-day cut-off.  Accordingly, we conclude Mrs. Bryan is not entitled to attorney fees or costs under the Equal Access to Justice Act.

The order of the district court is **AFFIRMED**.