Estella ROBBINS, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. CIV.A. 99–2247–GTV.

United States District Court, D. Kansas.

March 8, 2002.

---

Martin M. Meyers, Meyers Law Firm, LC, Kansas City, MO, for Plaintiff.

Melanie D. Caro, Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff, Estella L. Robbins, brought this action to review the denial of her application for Social Security Disability Benefits, and on March 1, 2001, the court issued an order and final judgment remanding the case to the Commissioner. The order and the judgment was entered on the docket on March 2, 2001. Claiming that she is the prevailing party, Plaintiff has filed a Motion for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act, or Alternatively Pursuant to 42 U.S.C. § 406(b) (Doc. 25). The defendant has filed a response in opposition to the motion, objecting to an award of attorney's fees under either of Plaintiff's suggested alternatives. For the reasons discussed herein, the motion is denied.

■ Defendant's opposition to an award of fees under the EAJA, 28 U.S.C. § 2412, is based on its contention that the court lacks jurisdiction to make such an award because Plaintiff did not file her application within the time limits of the Act. Title 28 U.S.C. § 2412(d)(1)(B) requires a party seeking an award of fees and expenses to submit its application to the court within thirty days of final judgment in the action. The judgment in this case became final when the sixty-day appeal time had expired. For Plaintiff's EAJA request to have been timely, it must have been filed on or before May 31, 2001, but Plaintiff did not file her request for fees and expenses until October 30, 2001.

The parties do not dispute that the court's order remanding the matter to the Commissioner was a final judgment. It was entered pursuant to sentence four of 42 U.S.C. § 405(g). Such a remand makes the order final and appealable. See Shalala v. Schaefer, 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). In her response to the Defendant's memorandum brief in opposition to Plaintiff's claim for fees, Plaintiff claims that neither she nor her counsel received notice of the entry of the court's judgment, and that counsel did not learn of it until October 17, 2001, when there was a telephone inquiry by counsel directed to the court's chambers staff. Plaintiff requests that the court either (1) "consider October 17, 2001, to be [the] date

Plaintiff was put on notification of the court's decision, so that Plaintiff's October 30, 2001 filing date for EAJA fees be considered timely," or (2) equitably toll the filing date and consider as timely the application filed on October 30, 2001. The court concludes that it cannot entertain Plaintiff's claim under either theory.

■ Judge John W. Lungstrum of this court, in his detailed and well-reasoned opinion in *Birnell v. Apfel*, 76 F.Supp.2d 1195 (D.Kan.1999), explains that the time limit for filing EAJA applications for fees and expenses is a mandatory, jurisdictional condition, and notes that "[t]he Tenth Circuit construes the 'thirty-day time limitation [as] jurisdictional in nature.'" *Id.* at 1197, citing *Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1321 (10th Cir.1999). Judge Lungstrum went on to say that the EAJA time limitation, "as opposed to a statute of limitations, . . . is not subject to equitable tolling or waiver. This view is consistent with that of the majority of courts which have addressed the issue." Birnell, at 1197 (citations omitted). I agree with Judge Lungstrum, and will follow his opinion in the case now before the court. The court does not have subject matter jurisdiction to entertain Plaintiff's application for fees and expenses under EAJA.[1]

■ Plaintiff, as an alternative, sought an award of attorney's fees under 42 U.S.C. § 406(b), which provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

As the defendant points out in its response in opposition to Plaintiff's request, Plaintiff has not submitted any evidence that she has been awarded past-due benefits from which the court might compute an allowance within the limitations provided in the statute. The court agrees with Defendant's position, and concludes that the record is insufficient to support an allowance of fees under § 406(b). Plaintiff filed a response (Doc. 28) to Defendant's opposition brief, but the response does not address Defendant's assertion that § 406(b) fees cannot be allowed under the state of the record before the court. The court concludes from this that Plaintiff appears to have abandoned her claim for fees under this statute.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiff's Motion for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act, or Alternatively Pursuant to 42 U.S.C. § 406(b) (Doc. 25) is denied.

The clerk is directed to transmit copies of this order to counsel of record.

1. Regarding Plaintiff's claim that her counsel did not receive notice of the entry of judgment, the court would observe that Plaintiff's counsel had made inquiry of chambers staff as to the status of the case on more than one occasion prior to the issuance of the court's order and the entry of judgment, and suggests that the lack of further inquiry should be excused because counsel did not want to appear "imprudent and intrusive." The simple answer to that suggestion is that it would have been more appropriate for counsel to have directed her inquiries as to whether judgment had been entered to the clerk's office rather than to chambers.