**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BARTLETT ELLIOTT,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 04-2097
(D.C. No. CIV-04-119 DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Bartlett Elliott, proceeding pro se,[1] filed an action alleging that the Social Security Administration wrongly changed his status from disabled to retired when he turned sixty-five despite his continuing disability and that the change in status disqualified him from receiving food stamps. Mr. Elliott sought to have his disability status reinstated. The district court dismissed the action for lack of subject matter jurisdiction and because Mr. Elliott failed to state a claim upon which relief could be granted. Mr. Elliott appeals, making the same arguments. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Reviewing de novo, *see Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir. 2001), we affirm.

Federal courts have limited statutory power to review decisions of the Social Security Commissioner and may review the Commissioner's decisions only as provided in 42 U.S.C. § 405. *Id.* § 405(h). *See generally Bryan v. Office of Personnel Mgmt.*, 165 F.3d 1315, 1318 (10th Cir. 1999) ("In order to bring a suit against the government or one of its agencies, a plaintiff must have a substantive right to the relief sought and an explicit Congressional consent authorizing such relief. Consent is a prerequisite of jurisdiction, and the government's consent defines the terms and conditions upon which it may be sued[.]" (quotations and

---

[1] Because Mr. Elliott is proceeding pro se, we liberally construe his district court and appellate court filings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

citations omitted)).  Section 405(g) limits judicial review to final decisions that are made after a hearing.  Indeed, a final decision made after a hearing is central to a federal court's subject matter jurisdiction under § 405(g).  *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).

Here, however, there was no such final decision made after a hearing.  By law, Mr. Elliott's entitlement to disability benefits ended when he reached retirement age.  42 U.S.C. § 423(a)(1)(B); 20 C.F.R. § 404.316(b)(2).  When he turned sixty-five in 1994, his disability benefits "automatically" became retirement benefits by operation of law.  *See* 20 C.F.R. §§ 404.310(c), 404.316(b)(2).  The automatic change in benefits was without regard to his continuing disability.  In other words, this automatic change was not a final decision of the Commissioner, but was the consequence of federal statutory law.  There is nothing for a court to review.  The district court thus correctly concluded that it lacked subject matter jurisdiction over this action. [2]

---

[2]   We need not reach the court's alternate conclusion that Mr. Elliott failed to state a claim upon which relief can be granted.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Michael W. McConnell
Circuit Judge