FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHELLE G. PORTA,

        Plaintiff-Appellant,

v.

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

        Defendant-Appellee.

No. 13-2207
(D.C. No. 2:11-CV-01138-MV-LAM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Michelle G. Porta, proceeding pro se, appeals the district court's entry of

summary judgment in favor of the United States Office of Personnel Management

("OPM") on her claims to recover health benefits under the Federal Employees

Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. Exercising our jurisdiction

pursuant to 28 U.S.C. § 1291, we affirm the judgment as modified.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Ms. Porta, who is a federal employee working in New Mexico, was enrolled in the Standard Option of the Blue Cross and Blue Shield Service Benefit Plan ("Plan"), a nation-wide health benefit plan for federal employees contracted by OPM. As pertinent here, the Blue Cross and Blue Shield of Arizona ("BCBSAZ") administered the Plan. In April 2008, Ms. Porta was diagnosed with lung cancer. She elected to seek treatment at the Mayo Clinic in Phoenix, Arizona ("Mayo Clinic"). The Mayo Clinic was not a preferred provider or participating provider under BCBSAZ's Preferred Provider Organization ("PPO"). Ms. Porta received treatment at the Mayo Clinic throughout 2008 and 2009, and ultimately incurred medical bills in excess of $200,000 for which she was personally responsible under the terms of the Plan.

At issue in this appeal are two sets of benefit claim denials. The first set pertains to benefit claim denials for services rendered by the Mayo Clinic between April 23, 2008, and May 19, 2008 (hereinafter the "2008 Claims"). Ms. Porta sought administrative review of these claims by BCBSAZ in June 2008. She alleged that she had met the Plan's catastrophic protection limit of $6,500, and, therefore, the Plan was responsible for charges by the Mayo Clinic above that amount. In August 2008, BCBSAZ denied Ms. Porta's request for benefits, concluding that certain expenses incurred by Ms. Porta did not count toward the catastrophic protection maximum. Ms. Porta appealed BCBSAZ's denial of benefits for the 2008 Claims to

OPM. In February 2009, OPM issued a final decision concurring with BCBSAZ's denial of benefits.

The second set of benefit claim denials were for services rendered by the Mayo Clinic between June 12, 2008, and December 31, 2009 (hereinafter the "2008-2009 Claims"). Ms. Porta requested administrative review of some of these benefit claim denials – those relating to services from June 12, 2008, to May 15, 2009 – to BCBSAZ in December 2009. BCBSAZ responded in January 2010. Because Ms. Porta did not seek review by BCBSAZ within six months of its claim determinations for these benefit claims, as required under 5 C.F.R. § 890.105(a)(1), (b)(1), BCBSAZ found the request was untimely. It nevertheless affirmed that the claims were processed correctly. Ms. Porta did not seek administrative review of the 2008-2009 Claims by OPM until October 2011, although she was required to do so within ninety days of BCBSAZ's denial on reconsideration. *See id.* § 890.105(e)(1)(i).[1] OPM did not respond to Ms. Porta's request for review.

Ms. Porta brought suit under the FEHBA against OPM in the United States District Court for the District of New Mexico in December 2011. She asserted three causes of action for her 2008 Claims and 2008-2009 Claims, all seeking the same

---

[1] Although Ms. Porta's 2011 request for reconsideration by OPM was for benefit claim denials from "May of 2008-December 2009," Admin. R., Vol. III at 506, OPM had previously reviewed benefit claim denials for services rendered through May 19, 2008, in its February 25, 2009, final decision. And based on our review of the record, it does not appear that Ms. Porta had any dates of service for care after May 19, 2008, until her date of service for care on June 12, 2008.

- 3 -

relief as permitted under 5 C.F.R. § 890.107(c) – a court order directing OPM to require BCBSAZ to pay the remainder of the medical expenses that she incurred. *See* 5 C.F.R. § 890.107(c). In count one, she alleged that she lived in a "medically underserved area" and, therefore, under 5 C.F.R. § 890.702(a), BCBSAZ was required to pay the remainder of her medical expenses. In count two, she alleged that BCBSAZ misled her due to omissions in the Plan brochure. In count three, she alleged that she was entitled to the catastrophic protection provision of the Plan.

The parties filed cross-motions for summary judgment. The district court determined as a preliminary matter that Ms. Porta failed to timely exhaust her administrative remedies on her claims for benefits for the 2008-2009 Claims. It granted summary judgment on this basis for these claims for benefits. It granted OPM's motion for summary judgment on all three counts as applicable to the 2008 Claims, and denied Ms. Porta's motion for summary judgment. Ms. Porta appeals.

## II. Discussion

When reviewing agency action, we apply "the same standard of review to the [administrative] record as did the district court." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1164 (10th Cir. 2002). Judicial review of final OPM decisions pursuant to the FEHBA is governed by the Administrative Procedure Act, 5 U.S.C. §§ 500-706. *See Bryan v. U.S. Office of Pers. Mgmt.*, 165 F.3d 1315, 1318-19 (10th Cir. 1999); *Muratore v. U.S. Office of Pers. Mgmt.*, 222 F.3d 918, 920 (11th Cir. 2000). Accordingly, we afford deference to OPM's findings and will set

aside an OPM decision "only if it was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Bryan*, 165 F.3d at 1319 (quoting 5 U.S.C. § 706(2)(A)); *see also Weight Loss Healthcare Ctrs. of Am., Inc. v. U.S. Office of Pers. Mgmt.*, 655 F.3d 1202, 1207 (10th Cir. 2011) (holding that judicial review of OPM's interpretation of federal-employee insurance plan is reviewed under an arbitrary and capricious standard).

"We review a district court's decision granting summary judgment *de novo*, resolving all factual disputes and drawing all reasonable inferences in favor of the non-moving party." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Ms. Porta raises three issues: 1) her request for review of the 2008-2009 Claims for health benefits was not untimely under OPM's regulatory administrative review process because OPM's regulations are unconstitutional; 2) she was entitled under 5 U.S.C. § 8902(m)(2) of the FEHBA to seek medical care outside of her medically underserved state; and 3) she was entitled to the Plan's catastrophic protection provision.[2]

---

[2] Ms. Porta does not appeal the entry of summary judgment in favor of OPM on count two of her complaint. Further, although Ms. Porta proceeds pro se, she is not entitled to have her filings construed liberally because she is a trained attorney. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).

With one exception, we find the district court's reasoning cogent. We conclude, however, that a portion of its order must be modified. We, like the district court, conclude that Ms. Porta failed to exhaust her administrative remedies with respect to her 2008-2009 Claims. Because the failure to exhaust is a jurisdictional requirement, however, we modify the district court's judgment to dismiss the 2008-2009 Claims for lack of jurisdiction. In all other respects, we affirm for substantially the same reasons set forth by the district court.

**A. Exhaustion of Administrative Remedies for 2008-2009 Claims**

Ms. Porta first takes issue with the district court's determination that she failed to timely exhaust her administrative remedies regarding her 2008-2009 Claims for health benefits. "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Pursuant to its authority under the FEHBA, *see* 5 U.S.C. § 8913, OPM has promulgated regulations establishing a detailed administrative procedure for resolving disputes over FEHBA benefits. Pursuant to this regulatory scheme, if an enrollee disputes the carrier's resolution of a claim, the individual may request reconsideration by the carrier within six months of the denial of a claim. *See* 5 C.F.R. § 890.105(a)(1), (b)(1). The enrollee may seek further review by OPM within ninety days of the carrier's denial on reconsideration. *See id*. § 890.105(b)(3), (e)(1)(i). "Only after exhausting these remedies, may the covered individual seek

judicial review of [OPM's] final action." *Bryan*, 165 F.3d at 1318; *see also* 5 C.F.R. §§ 890.105(a)(1), 890.107(c) and (d)(1). The failure to exhaust these administrative remedies is a jurisdictional bar to suit. *See Bryan*, 165 F.3d at 1318 (recognizing that Congress intended a limited waiver of sovereign immunity in FEHBA disputes and, therefore, "courts only have jurisdiction to review final actions, after exhaustion, and only one remedy is available").

The district court determined that Ms. Porta failed to timely exhaust her 2008-2009 Claims. *See* Aplt. App. at 97-101.[3] The court correctly determined that the failure to exhaust administrative remedies constitutes a jurisdictional bar to suit, *see Bryan*, 165 F.3d at 1318, but it also considered whether Ms. Porta's failure to exhaust could be excused. Finding no exceptions applicable, the court granted summary judgment on the 2008-2009 Claims. As we conclude below, the district court lacked jurisdiction to enter summary judgment on these claims.

Based on our review of the administrative record, Ms. Porta did not timely exhaust her 2008-2009 Claims. Her December 2009 request for reconsideration by BCBSAZ of a subset of these claims – claim denials for services rendered from June 12, 2008, to May 15, 2009 – was untimely. *See* 5 C.F.R. § 890.105(a)(1), (b)(1) (requiring enrollee to seek reconsideration by the carrier within six months after

---

[3] We note that the district court's reference to Ms. Porta's 2008-2009 Claims, and the chronology of her requests for review of those claims, is not factually accurate. *See* Aplt. App. at 92. This discrepancy does not affect our analysis.

denial of a claim).[4]  Her request for review of the 2008-2009 Claims by OPM in October 2011 was also certainly untimely.  *See id*. § 890.105(e)(1)(i) (requiring enrollee to seek review by OPM within ninety days of the carrier's denial on reconsideration).  OPM did not respond to Ms. Porta's 2011 request for reconsideration.  Accordingly, there is no "final action by OPM involving [the] denial of health benefits," 5 C.F.R. § 890.107(c), for the 2008-2009 Claims.  There is no final action on these claims and, thus, no administrative record for the district court to review.  *See Bryan*, 165 F.3d at 1319.  The district court, therefore, lacked jurisdiction to review these claims, *see id*., and should have dismissed these claims for lack of jurisdiction rather than granting summary judgment.  We, therefore, modify this portion of the district court's order.[5]

---

[4]     Based on our review, Ms. Porta did not seek reconsideration by BCBSAZ of claim denials for care rendered between May 16, 2009 through December 31, 2009.  *See* 5 C.F.R. § 890.105(a)(1) (providing that an enrollee "must exhaust both the carrier and OPM review processes . . . before seeking judicial review of the denied claim").  With one exception, Ms. Porta timely sought reconsideration by BCBSAZ for care received on September 25, 2009.  She did not, however, seek further review by OPM until 2011.

[5]     Ms. Porta argues on appeal that her 2008-2009 Claims were not time-barred because 5 C.F.R. § 890.107(d)(2), providing for judicial review no later than December 31 of the third year after the year in which the care or service was provided, is unconstitutional as it creates a new statute of limitations and is beyond the scope of OPM's delegated authority.  *See* 28 U.S.C. § 2401(a) (providing for six-year federal statute of limitations to commence an action against the United States).  In the same vein, she argues that 5 C.F.R. § 890.107(c), limiting recovery to a court order directing OPM to require the carrier to pay the amount of benefits in dispute, is likewise unconstitutional.  The district court found that neither the constitutionality of the three-year statute of limitations for judicial review nor the scope of judicial remedies has any bearing on Ms. Porta's failure to exhaust her

(continued)

- 8 -

**B. Summary Judgment on Counts One and Three for the 2008 Claims**

As to count one, Ms. Porta asserted that under 5 U.S.C. § 8902(m)(2)(A) of the FEHBA, she was entitled to seek health care in another state because she lived in a medically underserved state. She also asserted that she was entitled to have BCBSAZ pay her medical expenses in full. The district court disagreed. Ms. Porta argues that the court's interpretation of § 8902(m)(2)(A) was erroneous.

The statute provides:

> [I]f a contract under this chapter provides for the provision of, the payment for, or the reimbursement of the cost of health services for the care and treatment of any particular health condition, *the carrier shall provide, pay, or reimburse up to the limits of its contract* for any such health service properly provided by any person licensed under State law to provide such service if such service is provided to an individual covered by such contract in a State where 25 percent or more of the population is located in primary medical care manpower shortage areas designated pursuant to section 332 of the Public Health Service Act (42 U.S.C. 254e).

*Id*. (emphasis added); *see also* 5 C.F.R. § 890.702(a) (providing same).

The district court concluded that the statute was inapplicable, and, further, that Ms. Porta's construction was contrary to the plain language of the statute. The court reasoned that the statute simply expands the categories of covered medical professionals in medically underserved states who can provide an enrollee with a

administrative remedies. We agree with the district court's analysis and treatment of this argument.

- 9 -

covered service if such professional is licensed under State law to do so.  Contrary to Ms. Porta's claims, it further concluded that the statute expressly limits the amount an enrollee may recover – "up to the limits of its contract" – which is determined by the type of provider the enrollee chooses to use, i.e. a preferred provider or a non-preferred provider.  We agree with the district court's construction.

As to count three, Ms. Porta argues that the catastrophic protection provision of the Plan applies to her.  In its final decision, OPM explained that by using a non-preferred, non-participating provider, Ms. Porta was responsible for 25% of the Plan allowance, plus the difference between the Plan allowance and the billed amount.  Additionally, it stated that this difference in amount, as well as the 30% coinsurance for inpatient care at a non-member hospital, were excluded under the catastrophic protection provision.  As such, these expenses did not count towards the $6,500 catastrophic coverage limit and Ms. Porta was responsible to pay them even after exceeding the $6,500 limit.  OPM concluded that the 2008 Claims had been paid at the highest level possible for non-PPO providers, and because these providers were not contracted with the Plan, they could bill Ms. Porta the difference between the Plan's allowance and the charged amount.  We conclude, as did the district court, that OPM's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Bryan*, 165 F.3d at 1319 (internal quotation marks omitted).

We have reviewed the parties' briefs, the administrative record, and the applicable legal authorities. We agree with the district court's thorough and accurate analysis granting summary judgment in favor of OPM on counts one and three. We affirm the district court's entry of summary judgment on these counts for substantially the same reasons as set forth in its order dated September 24, 2013.

### III.  Conclusion

For the foregoing reasons, we affirm the district court's order as modified by this opinion. The order is modified to dismiss the 2008-2009 Claims for lack of jurisdiction. The judgment of the district court is modified in part, and, as modified, affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge

13-2207, Porta v. United States Office of Personnel Management

HARTZ, Circuit Judge, concurring.

I join the opinion by Judge Holmes. I suspect, however, that the district court was correct that the timeliness of exhaustion is not a jurisdictional matter in this context. When that issue would actually affect the outcome of a case, it would be appropriate for this court (probably sitting en banc) to try to straighten out some of the inconsistencies in this circuit's jurisdictional jurisprudence.