**UNITED STATES of America, State of Nevada and Florida Canyon Mining, Inc., Plaintiffs and Appellees,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant and Appellant.**

**No. 02–15737.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2003.

Decided May 29, 2003.

---

Before: HAWKINS and W. FLETCHER, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM **

This action involves the interpretation of a surety bond guaranteeing the costs of reclaiming a mine located in the State of Nevada. Appellant Safeco Insurance Company of America ("Safeco") appeals the district court's grant of summary judgment in favor of appellees on their claim for declaratory relief.

■ As a preliminary matter, the Court finds that Safeco did not waive its right to appeal the district court's judgment. The undisputed facts surrounding the submission of the proposed judgment demonstrate that Safeco did not intend to consent to entry of final judgment against it, but instead was consenting merely to the form of judgment as requested by the district court. *See Tapper v. Comm'r of Internal Revenue*, 766 F.2d 401, 403 (9th Cir.1985) (stating that one exception to the general rule that a party cannot appeal a judgment entered with its consent is "where the party did not actually consent."). *Slaven v. American Trading Transp. Co.*, 146 F.3d 1066 (9th Cir.1998), is distinguishable. There a cover letter attached to the proposed form of judgment confirmed that a party's signature to the stipulation constituted approval of the substance of the proposed judgment. *Id.* at 1069. The appellant also had a rational reason for not objecting to entry of judgment. *Id.* at 1070 n. 1. Here, in contrast, the only indication that Safeco agreed to be bound by the final judgment is Safeco's signature on the proposed final judgment. All of the other evidence, including the

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

lack of a rational reason for abandoning its right to appeal, indicates that the signature was not intended to represent Safeco's consent to the court's summary judgment rulings.

We nonetheless reject Safeco's contention that the district court lacked jurisdiction because there was not an Article III case or controversy. "The question of whether a particular case presents an Article III case or controversy is ... reviewed de novo." *Sable Communications of Calif., Inc. v. F.C.C.*, 827 F.2d 640, 642 (9th Cir.1987). "The difference between an abstract question and a 'case or controversy' is one of degree, of course, and is not discernible by any precise test." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979). "The basic inquiry is whether the 'conflicting contentions of the parties ... present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Id.* (internal quotation marks and citation omitted); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (holding that the rule against advisory opinions prohibits courts from issuing "an opinion advising what the law would be upon a hypothetical state of facts.").

■ Safeco's cancellation of the bond and public assertion that the cancelled bond does not cover further disturbances to previously-disturbed areas created a real and substantial controversy between it and appellees that was not hypothetical or abstract. Because of Safeco's conduct, appellee Florida Canyon Mining, Inc. ("Florida Canyon") had to either obtain a substitute bond or cease mining operations. It is undisputed that it did not have the resources to obtain a substitute bond, but even if it did the costs of obtaining that

bond would be "real" and "substantial." *Babbitt*, 442 U.S. at 298.

■ We also conclude that, notwithstanding Safeco's cancellation of the bond, the bond continues to cover new disturbances to areas disturbed prior to cancellation.

The interpretation of an insurance policy, as applied to undisputed facts, is a question of law. *See Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir.1996). The parties agree that federal common law governs the interpretation of the bond. *See United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co.*, 799 F.2d 1382, 1385 (9th Cir.1986). Under federal law

> [a] written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations. Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first. The fact that the parties dispute a contract's meaning does not establish that the contract is ambiguous; it is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation.

*Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) (internal citations omitted).

The plain language of the bond supports the district court's interpretation. The bond provides that in the event Safeco cancels the bond, the "bond shall remain in full force and effect as to all areas within the plan of operations disturbed prior to the effective date of such cancellation." This clause unambiguously provides continued coverage for the *areas* disturbed prior to cancellation and does not exclude

disturbances caused by mining in those areas after cancellation.

This reading of the bond does not render the right of cancellation illusory. By cancelling the bond Safeco limited its liability to areas disturbed prior to cancellation; Safeco will not be liable for reclamation costs for areas first mined after cancellation. Safeco is correct that the cost of reclamation for which Safeco could be liable may increase after cancellation based on further mining of previously-disturbed areas. That possibility, however, simply means that Safeco's right of cancellation is limited; it does not mean that its right is meaningless.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.