# United States Court of Appeals for the Federal Circuit

---

**TAYLOR BRANDS, LLC,**
*Plaintiff-Appellant,*

**v.**

**GB II CORPORATION
(DOING BUSINESS AS COLUMBIA RIVER KNIFE
AND TOOL COMPANY),**
*Defendant-Appellee.*

---

2010-1151, -1294

---

Appeal from the United States District Court for the Eastern District of Tennessee in case no. 08-CV-0325, Magistrate Judge Dennis H. Inman.

---

## ON MOTION

---

Before LINN, DYK, and PROST, *Circuit Judges.*

DYK, *Circuit Judge.*

---

SCOTT E. DAVIS, Klarquist Sparkman, LLP, of Portland, Oregon, filed a motion to dismiss for defendant-appellee. With him on the motion was JOHN D. VANDENBERG.

PETER N. LALOS, Novak Druce & Quigg LLP, of Washington, DC, filed a response to the motion to dismiss for plaintiff-appellant. With him on the response was THOMAS P. PAVELKO.

---

**O R D E R**

Appellee GB II Corporation d/b/a Columbia River Knife and Tool Company ("CRKT") moves to dismiss these appeals and for sanctions and costs. Appellant Taylor Brands, LLC ("Taylor") opposes, and CRKT replies. We deny the motion to dismiss the first appeal, but grant the motion to dismiss the second.

BACKGROUND

Taylor sued CRKT in the United States District Court for the Eastern District of Tennessee alleging infringement of U.S. Patent No. 6,651,344 ("'344 patent") relating to assisted opening knives. CRKT counterclaimed seeking declaratory judgments of non-infringement and invalidity. The parties consented to having a United States Magistrate Judge conduct all proceedings in the case. Prior to discovery, CRKT moved for partial summary judgment of non-infringement as to twenty-two of its accused products. CRKT characterized its motion as being, "as a practical matter . . . case dispositive."[1] CRKT

---

[1] Reply in Supp. of Def.'s Mot. for Summ. J. of Non-Infringement and Partial Construction of Some Claim Terms 25, *Taylor Brands, LLC v. GB II Corp.*, No. 08-CV-0325 (E.D. Tenn. Dec. 9, 2009), Ex. G; *see also* Mem. in Supp. of Mot. to Stay Disc. Pending Resolution of Def.'s Mot. for Summ. J. and Resp. to Pl.'s Proposal for Disc. Plan 2, *Taylor Brands*, No. 08-CV-325, Ex. E ("Though directed to specific CRKT products, CRKT's motion for

further informed the court that it was seeking an "efficient way to resolve [the] case," and that "[i]f there's no infringement then the Defendant should be free to go home . . . and can dismiss its counterclaims of invalidity without prejudice allowing judgment to be entered and the case to be appealed at that point on just the infringement question." Summ. J. Hr'g Tr. 53, 55–56, Ex. B. Both parties thereafter moved for leave to amend their pleadings to add additional claims for false marking and false advertising. On November 19, 2009, in light of its construction of certain claim terms, the district court granted CRKT's motion for partial summary judgment, holding that "there is no infringement of the '344 Patent by those knives sold by CRKT bearing the following model numbers: [listing twenty-two knife models]." Ex. 9, at 10–11.

On December 2, 2009, both parties agreed to withdraw their motions to amend their pleadings to add false marking and false advertising claims, and CRKT agreed to dismiss without prejudice its counterclaim for a declaratory judgment of invalidity. These steps made it possible for the court to enter a final judgment. Taylor requested that the court enter a final judgment, and both parties signed a proposed Stipulated Final Judgment which was submitted to the court on December 9, 2009.

---

summary judgment is as a practical matter dispositive of Plaintiff's single cause of action."); Def.'s Resp. to Pl.'s Proposal for Disc. Plan [Doc. 36] and Reply in Supp. of Mot. to Stay Disc. [Doc. 37] 2, *Taylor Brands*, No. 08-CV-325, Ex. F ("Plaintiff's proposal to proceed with discovery on issues other than those addressed in CRKT's case dispositive summary judgment motion will only multiply costs for the Parties and consume resources on issues that need never be reached should the court rule in CRKT's favor on the summary judgment issues.").

The district court signed the proposed order the same day, which provides as follows:

> The Court having granted Defendant's Motion for Partial Summary Judgment, *with the parties' consent*, it is hereby ordered and adjudged that:
>
> a) Defendant [CRKT] has not infringed U.S. Patent No. 6,651,344;
>
> b) Plaintiff [Taylor's] First Amended Complaint for infringement of U.S. Patent No. 6,651,344 is dismissed with prejudice;
>
> c) Plaintiff [Taylor's] motion for leave to amend its complaint to add certain additional counts is withdrawn;
>
> d) Defendant CRKT's counterclaim seeking a declaratory judgment of invalidity is dismissed without prejudice; and
>
> e) Defendant CRKT's motion for leave to amend its counterclaims to add certain additional counts is withdrawn.

Stipulated Final J., *Taylor Brands, LLC v. GB II Corp.*, No. 08-CV-325 (E.D. Tenn. Dec. 9, 2009) (emphasis added).

On December 29, 2009, Taylor filed a notice of appeal from the Stipulated Final Judgment ("first notice of appeal") seeking to challenge the court's grant of summary judgment of non-infringement. CRKT now moves to dismiss Taylor's first notice of appeal on grounds that Taylor has waived any right to appeal by consenting to the entry of a judgment against it without expressly reserving the right to appeal.

Taylor subsequently filed a second notice of appeal on March 26, 2010 ("second notice of appeal"), apparently

seeking to challenge the district court's order denying CRKT's motion for attorney fees. CRKT moves to dismiss Taylor's second notice of appeal for lack of standing.

## DISCUSSION

### I

With respect to the first notice of appeal from the December 9, 2009, judgment, CRKT contends that Taylor waived its right to appeal by consenting to the entry of a final judgment without expressly reserving its right to appeal.[2] We disagree.

Under the Federal Rules of Civil Procedure, most judgments, including Rule 56 summary judgment orders, are not effective until "set out in a separate document"— e.g., an official "judgment"—and entered by the clerk of the court. Fed. R. Civ. P. 58. When this procedure is required, it is common for courts to ask the parties to stipulate to the form of the final judgment. This practice was indeed common even before the Federal Rules of Civil Procedure. For example, in 1917 the Supreme Court recognized that such stipulated judgments do not bar an appeal of the underlying judgment. *Thomsen v. Cayser*, 243 U.S. 66, 83 (1917). In *Thomsen*, the defendant-appellee had moved to dismiss the appeal on grounds that "the judgment of the circuit court was entered in the form

---

[2]    While most courts have considered this issue to be one of waiver, some courts have viewed the issue as being jurisdictional in nature. We agree with the majority of courts that waiver principles offer the more appropriate framework. *See* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3902 (2d ed. 2010) (citing *Pac. Ry. v. Ketchum*, 101 U.S. 289, 295 (1879) (holding that appellate courts do have jurisdiction over appeals from consent judgments, but should affirm such judgments as to any issues that were waived by the parties' consent)).

finally adopted at the request of the plaintiffs and by their consent, and the errors assigned by plaintiffs were waived by such request and consent." *Id.* at 82. The Court denied the motion, holding that "[t]he plaintiffs did not consent to a judgment against them, but only that, if there was to be such a judgment, it should be final in form instead of interlocutory, so that they may come to this court without further delay." *Id.* at 83.

Subsequent to *Thomsen v. Cayser*, both the Supreme Court and the courts of appeals have repeatedly held that the entry of a stipulated final judgment after a dispositive ruling does not bar an appeal. *See United States v. Procter & Gamble*, 356 U.S. 677, 680–81 (1958) (finding appeal was proper because "[t]he Government at all times opposed the production orders," and "[w]hen the Government proposed dismissal for failure to obey, it had lost on the merits and was only seeking an expeditious review"); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358 (11th Cir. 2008) (finding plaintiff could appeal where, "[b]ecause the interlocutory sanctions order was case-dispositive and [plaintiff] opposed that interlocutory order on the merits, [plaintiff stood] adverse to the resulting final judgment that was expressly based on the undisputed case-dispositive nature of the contested interlocutory ruling"); *The Asaldo San Giorgio I*, 73 F.2d 40, 41 (2d Cir. 1934) ("[I]t is clear from the record that this was not a decree to which the libelant consented in any such sense as to bar an appeal. . . . [T]he entry of the final decree merely carried into effect the court's previous decision on a litigated issue. The appeal is properly here."). Similarly, in *United States v. Safeco Insurance Co.*, 65 Fed. Appx. 637, 638–39 (9th Cir. 2003) (unpublished), the court found that the defendant "consent[ed] merely to the form of judgment," because the "evidence, including the lack of a rational reason for abandoning its

right to appeal, indicate[d] that [the defendant's] signature was not intended to represent [its] consent to the court's summary judgment rulings."  We are aware of no case in which a party was found to have waived its right to appeal due to the mere ministerial act of stipulating to the form of a final judgment.

The distinction between consenting to the substance of a judgment (i.e., agreeing as to what the substantive outcome of the judgment will be) and merely consenting to the judgment's form (including agreeing that the judgment will be final instead of interlocutory) is crucial to the issue of whether waiver of a party's right to appeal should be presumed.  A party who consents to the substance of a judgment should indeed be presumed to have waived its right to appeal—absent an express reservation of that right on the record—because voluntarily agreeing to an adverse substantive outcome is an indication that the party has abandoned its underlying claims or defenses. In contrast, no waiver exists—even without a reservation of appellate rights—when a party consents solely to the form of a judgment, because merely agreeing to the form of a judgment does not in itself imply that the party agrees with the judgment's substantive outcome or intends to abandon its position on the issues.

CRKT cites a litany of cases in which parties who consented to adverse judgments were held to have waived their rights to appeal by failing to expressly reserve that right on the record.  However, these and similar cases are distinguishable because they involved situations in which a party consented to the substance of an adverse judgment as opposed to merely its form.  Unlike the present case, these cases all involved either settlement agree-

ments[3] or voluntary dismissals[4]—both of which necessarily imply a party's consent to the substantive outcome.

---

[3]  *See, e.g.*, *Nashville, C. & St. L. Ry. Co. v. United States*, 113 U.S. 261, 263, 266–67 (1885) (consent decree was entered pursuant to "a compromise of all the matters in litigation between the parties"); *LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 72–74 (2d Cir. 2009) (parties stipulated to a final judgment in consideration of a court-approved class action settlement agreement without expressly reserving a right to appeal the underlying claims); *Slaven v. Am. Trading Transp. Co., Inc.*, 146 F.3d 1066, 1069–70 (9th Cir. 1998) (court-approved class action settlement agreement); *Ass'n of Cmty. Orgs. for Reform Now (ACORN) v. Edgar,* 99 F.3d 261 (7th Cir. 1996), *on appeal from* No. 95-C-174, 1996 WL 447256, at *1 (N.D. Ill. Aug. 5, 1996) (consent decree entered pursuant to a detailed "compliance plan" agreed to between the parties); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 525–27 (10th Cir. 1992) (plaintiffs accepted, without reservation, defendant's offer of judgment pursuant to Fed. R. Civ. P. 68 whereby defendant agreed to pay a specific damages amount); *Shores v. Sklar*, 885 F.2d 760, 762 (11th Cir. 1989) (en banc) (judgment entered pursuant to defendant's Rule 68 offer to pay a specific damages amount); *Cohen v. Va. Elec. & Power Co.*, 788 F.2d 247, 248–49 (4th Cir. 1986) (consent decree entered pursuant to agreement between parties which defined the amount plaintiff would pay in attorney's fees and provided that defendant would not enforce the judgment until plaintiff's claims pending in state court were resolved); *Couglin v. Regan*, 768 F.2d 468, 469–70 (1st Cir. 1985) (consent decree entered on agreement between the parties).

[4]  *See, e.g.*, *Scanlon v. M.V. Super Servant 3*, 429 F.3d 6, 9–10 (1st Cir. 2005) (plaintiffs moved to voluntarily dismiss their claim with prejudice and failed to expressly reserve their right to appeal); *Laczay v. Ross Adhesives, a Div. of Conros Corp.*, 855 F.2d 351, 355 (6th Cir. 1988) (plaintiff's stipulation to the dismissal of his claim with prejudice waived his right to appeal); *Marks v. Leo Feist, Inc.*, 8 F.2d 460, 462 (2d Cir. 1925) (before there had been any case-dispositive interlocutory order regard-

In this case, there has been no showing that the parties entered into any settlement agreement. In particular, there has been no showing that Taylor agreed to surrender its infringement claim as to the twenty-two knives in consideration of CRKT's agreement to withdraw its motion to amend and to dismiss its invalidity challenges to the patent. CRKT itself had earlier suggested that those actions be taken to enable a final judgment to be entered. Moreover, there has been no showing that Taylor voluntarily dismissed its claim. To the contrary, Taylor consented to the entry of a final judgment only after the district court had granted summary judgment of non-infringement. Taylor had opposed CRKT's summary judgment motion on the merits, and the resulting order was clearly dispositive of the vast majority of Taylor's infringement claims. Taylor's consent at that point to the purely ministerial act of entering a judgment pursuant to Rule 58 implementing the summary judgment decision cannot be construed as consent to the substance of the summary judgment order. Even the case upon which CRKT heavily relies recognizes "that sometimes in a contested case the judge will render decision and tell the parties to agree on the wording of the judgment order or on other details left open by the decision," and that

---

ing the merits of plaintiff's underlying claim, the plaintiff moved to voluntarily dismiss his complaint with prejudice); *see also Gatto v. Comm'r of Internal Revenue*, 1 F.3d 826, 827–28 (9th Cir. 1993) (petitioners stipulated to binding the result in their case to the result in a related case before the Tax Court, even though there had been no case-dispositive interlocutory order in the petitioners' case); *Tapper v. Comm'r of Internal Revenue*, 766 F.2d 401, 403–04 (9th Cir. 1985) (petitioners consented to the entry of judgment against them after Tax Court denied petitioners' motion for summary judgment regarding their statute of limitations defense; order *denying* summary judgment was not dispositive of any claim).

"[s]uch a 'consent judgment' would carry no implication of any waiver of the right to appeal." *ACORN v. Edgar*, 99 F.3d at 262.

CRKT contends that the order granting partial summary judgment of non-infringement in fact was "not dispositive of the entire case as it then existed" because the summary judgment order (1) only applied to the twenty-two accused products specifically named in the order; (2) did not address induced or contributory infringement; and (3) did not decide the parties' motions to amend to add new claims for false marking and false advertising. CRKT Reply Br. 8–9. However, CRKT ignores the fact that the summary judgment order was indeed dispositive of Taylor's infringement claims against the twenty-two identified products. Of course, the fact that some collateral issues were not resolved by a dispositive interlocutory order indicates that Taylor consented to the substance of the judgment to the extent that it extended beyond carrying the summary judgment order into effect. Taylor has thus waived its right to contest any such collateral issues on appeal by failing to expressly reserve that right. However, because Taylor clearly consented to only the form of the judgment insofar as it effectuates the summary judgment order, Taylor has not waived its right to appeal the summary judgment order itself and any issues addressed therein (e.g., certain claim construction rulings).

Consequently, we deny CRKT's motion to dismiss Taylor's first notice of appeal.

## II

Taylor's second notice of appeal purports in part to be from the order of March 1, 2010, which denied CRKT's motion for an award of attorney fees. As Taylor was not

aggrieved by that decision, Taylor lacks standing to challenge it on appeal.

To the extent that Taylor's second notice of appeal also purports to be from the Stipulated Final Judgment, it is duplicative.

We therefore grant CRKT's motion to dismiss Taylor's second notice of appeal.

### III

ACCORDINGLY, IT IS ORDERED THAT:

(1) The motion to dismiss Taylor's first notice of appeal (Case No. 2010-1151) is DENIED.

(2) The motion to dismiss Taylor's second notice of appeal (Case No. 2010-1294) is GRANTED.

(3) The motion for oral argument regarding these motions is DENIED.

(4) The motion for sanctions and costs is DENIED.

FOR THE COURT

December 9, 2010                    /s/ Jan Horbaly
Date                               Jan Horbaly
                                   Clerk


cc:  Peter N. Lalos, Esq.
     Scott E. Davis, Esq.