# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 21, 2011 Session

## LEROY JACKSON, JR. v. PURDY BROTHERS TRUCKING CO., INC., ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-72-09     Harold Wimberly, Jr., Judge**

---

**No. E2011-00119-COA-R3-CV-FILED-OCTOBER 12, 2011**

---

This appeal arises from a tractor-trailer ("truck") collision involving two professional drivers, Leroy Jackson, Jr., who was driving as an owner operator for USA Trucking, and Blair B. Greene, who was employed by Purdy Brothers Trucking Company, Incorporated ("PBTCI") and Loudon County Trucking ("LCT"), both formerly doing business as Purdy Brothers Trucking ("PBT"). Mr. Jackson's truck was repossessed shortly after it was repaired, and he filed suit against Mr. Greene, PBTCI, and LCT (collectively "Trucking Company") for property damage, loss of income, lost equity in his truck, incidental expenses, and punitive damages. Trucking Company filed a motion for partial summary judgment.[1] The trial court granted the motion, in part, holding that Trucking Company was not liable for the lost equity in the truck but that the case could proceed on the remaining issues. Trucking Company made an offer of judgment, which was accepted by Mr. Jackson and set forth in the court's final order. Mr. Jackson appeals, contending that the court erred in granting partial summary judgment. We dismiss the appeal because Mr. Jackson accepted the offer of judgment without reserving the right to appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

---

[1]Trucking Company also asserted that Mr. Greene was employed by LCT, which was not formerly doing business as PBT and that Mr. Greene was operating a trailer owned by LCT and a tractor owned by PBTCI and leased to LCT. Other than acknowledging this distinction, we will not resolve this factual issue because it is not pertinent to this appeal.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Leroy Jackson, Jr.

Dana C. Holloway, Tonya R. Willis, and Ryan C. Dreke, Knoxville, Tennessee, for the appellees, Purdy Brothers Trucking Co., Inc., f/d/b/a Purdy Brothers Trucking, Loudon County Trucking f/d/b/a Purdy Brothers Trucking, and Blair B. Greene.

# OPINION

## I. BACKGROUND

Mr. Jackson resided in Minnesota but would frequently travel through Tennessee while driving for USA Trucking as an owner-operator. Thus, while USA Trucking paid for his license, registration, and permits, he owned his truck, which he was purchasing pursuant to an installment contract from Russ Darrow Leasing, Incorporated ("Russ Darrow"). On the day of the accident, he had picked up his truck in Memphis, Tennessee and was driving to New York when he stopped at a truck stop in Knoxville, Tennessee. As he was driving around the station, he encountered Mr. Greene, who was attempting to turn around. He stopped and allowed Mr. Greene to complete the turn. Mr. Greene subsequently crashed into the front area of Mr. Jackson's truck, resulting in repairs in excess of $13,000. Mr. Jackson called the police, reported the incident, had his truck towed to a repair shop, and took a bus home to Minnesota. He was unable to work while his truck was being repaired. Approximately one month later, he returned to Tennessee and attempted to pick up his truck from the repair shop. When he arrived, he was told that he could not have his truck because Russ Darrow was going to repossess it. Approximately one week later, USA Trucking hired him as a company driver.

Mr. Jackson filed suit against Trucking Company, alleging that they were liable for his loss of income, the damage to his truck, the lost equity in his truck, and incidental expenses relating to the accident and repossession of the truck.[2] He explained that as a result of the accident and his corresponding loss of income, his truck was repossessed because he was no longer able to submit his monthly payments. Trucking Company responded that Mr. Jackson's failure to maintain his payments pursuant to his installment contract and the resulting repossession of the truck acted as an intervening and superseding cause, absolving them from liability for any loss relating to the repossession of the truck. Accordingly, Trucking Company filed a motion for partial summary judgment, arguing that they were entitled to judgment as a matter of law regarding the following losses related to the

---

[2]He also filed suit against Russ Darrow for conversion of personal property. This suit was settled. Additionally, Mr. Jackson eventually recovered the expenses relating to the repossession of his truck from Russ Darrow and no longer sought damages relating to those expenses from Trucking Company.

repossession of the truck: the loss of income relating to the repossession, the lost equity in the truck itself, and the repossession costs. Trucking Company alleged that the repairs were completed in less than ten days and that Russ Darrow repossessed the truck because Mr. Jackson had defaulted on his payments prior to the accident. Mr. Jackson asserted that he was unable to retrieve his truck until after the insurance company had submitted the payment for the repairs, less the deductible. He said that he had an agreement with Russ Darrow regarding his payments, that he was compliant with that agreement, and that after the accident and his corresponding loss of income, he was unable to make the agreed payments. He argued that factual issues remained regarding Trucking Company's liability and that those issues should be submitted for jury determination.

The trial court granted, in part, the motion for partial summary judgment, holding that "there are no genuine issues of material fact in dispute as to whether [Trucking Company] owed a legal duty to [Mr. Jackson] as a matter of law with regard[] to [Mr. Jackson's] claim for lost equity value in [the] truck" but that "genuine issues of material fact [remained] on the issue of whether [Trucking Company] owed a legal duty to [Mr. Jackson] with regard to [his] claim for loss of income." Mr. Jackson sought permission from the trial court to appeal the grant of partial summary judgment. The trial court granted permission; however, this court denied permission. Trucking Company made an offer of judgment, allowing judgment in the amount of $5,500 to be rendered in Mr. Jackson's favor. Mr. Jackson accepted the offer, and the offer was set forth in the trial court's final order. Mr. Jackson filed a notice of appeal, and Trucking Company filed a motion to enforce the Rule 68 judgment. The trial court denied the motion, stating that the issue of whether Mr. Jackson's acceptance of the offer barred his right to appeal was appropriate for appellate review. Trucking Company then filed a motion to dismiss the appeal, and this court denied the motion.

## II. ISSUES

We consolidate and restate the issue raised by Mr. Jackson as follows:

A. Whether the trial court erred in granting partial summary judgment.

Trucking Company also raised issues for our consideration that we consolidate and restate as follows:

B. Whether Mr. Jackson waived his right to appeal because he accepted an offer of judgment without reserving the right to appeal.

C. Whether the trial court erred in denying summary judgment relating to Mr. Jackson's claim for loss of income.

-3-

## III. STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

## IV. DISCUSSION

As the threshold issue in this case, we must first determine whether Mr. Jackson waived his right to appeal by accepting the offer of judgment without reservation. Mr. Jackson asserts that the express terms of the offer did not reference a waiver of the right to appeal and that the language of the offer and corresponding judgment should be construed against the drafter. He claims that he never intended to waive his right to appeal the summary judgment issue and that such a waiver should not be presumed because recipients of an offer of judgment must either accept or reject the express terms of the offer. Trucking Company responds that by unequivocally accepting their offer of judgment, Mr. Jackson waived his right to appeal. Trucking Company asserts that this court lacks jurisdiction to consider the appeal because the Rule 68 judgment was conclusive on all matters in the case, leaving no issues to appeal. Trucking Company acknowledges that an appeal may lie from a Rule 68 judgment but contends that the right to appeal from these types of judgments must be specifically reserved.

Rule 68 of the Tennessee Rules of Civil Procedure provides,

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon an adverse party an offer to allow judgment to be taken against the defending party for the money or property, or to the effect specified in the offer, with costs then accrued. Likewise a *party prosecuting a claim* may serve upon the adverse party an offer to allow judgment to be taken against that adverse party for the money or property or to the effect specified in the offer with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer and notice of acceptance, together with proof of service thereon, with the court and thereupon judgment shall be rendered

-4-

accordingly. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in the proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all costs accruing after the making of the offer. *The fact that an offer is made but not accepted does not preclude a subsequent offer.*

(Emphasis added). The rule was adopted from the Federal Rules of Civil Procedure. The rule's intended purpose was to "promote settlements." *Francois v. Willis*, 205 S.W.3d 915, 917 (Tenn. Ct. App. 2006).

Rule 68 judgments are akin to consent orders, which are "conclusive upon the consenting parties, and can neither be amended nor in any way varied without like consent; nor can it be reheard, appealed from or reviewed upon writ of error." *Nance v. Pankey*, 880 S.W.2d 944, 946 (Tenn. Ct. App. 1993). However, a party may appeal from a consent order upon a claim of lack of actual consent, fraud in its procurement, mistake, or lack of the court's jurisdiction to enter the judgment. *Swift & Co. v. United States*, 276 U.S. 311, 323-24 (1928). "A judgment by consent is in substance a contract of record made by the parties and approved by the court." 49 C.J.S *Judgments* § 227. The cardinal rule of contract interpretation is that the court "must attempt to ascertain and give effect to the intent of the parties." *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005). In attempting to ascertain the intent of the parties, the court must examine the language of the contract, giving each word its usual, natural, and ordinary meaning. *See Wilson v. Moore*, 929 S.W.2d 367, 373 (Tenn. Ct. App. 1996). The "court's initial task in construing a contract is to determine whether the language of the contract is ambiguous." *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889-90 (Tenn. 2002). Where the language of a contract is clear and unambiguous, its literal meaning controls the outcome of the dispute. *Id.* at 890.

The Rule 68 offer of judgment in this case provided,

Come now [Trucking Company], by and through their counsel of record, and offer to allow judgment to be taken against them in favor of [Mr. Jackson] in the amount of [$5,500], with regular court costs in this case only now accrued.

Pursuant to Rule 68 of the Tennessee Rules of Civil Procedure, if this [o]ffer of [j]udgment is not accepted within ten (10) days, it shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding to determine costs. Notice is hereby given if the judgment finally obtained by [Mr. Jackson] is not more favorable than this offer, [Trucking Company] will apply to the [c]ourt for an [o]rder requiring [Mr. Jackson] to pay all costs

accrued in this litigation from the date of this offer, including discretionary costs in this lawsuit.

The original [o]ffer of [j]udgment has been mailed to counsel for [Mr. Jackson]. It has not been filed with the [c]ourt. The offer is made purely to avoid the time and expense of a trial and not as an admission of liability.

The subsequently entered Rule 68 judgment evidencing the agreement between the parties provides,

Come now the parties, by and through their attorneys, and announce to the [c]ourt that an [o]ffer of [j]udgment was made by [Trucking Company] and accepted by [Mr. Jackson], both of which have been filed with the [c]ourt and that an [o]rder of [f]inal disposition and entry of the [j]udgment is necessary. Moreover, the parties announce that the [j]udgment rendered in favor of [Mr. Jackson] *has been satisfied* by [Trucking Company]. It is accordingly;

ORDERED, ADJUDGED AND DECREED that

1. The [j]udgment offered by [Trucking Company] and accepted by [Mr. Jackson] in this cause be entered and that [j]udgment has been satisfied.

2. The court costs of this cause are adjudged against [Trucking Company] for which execution may issue if necessary.

3. Each party shall bear their own discretionary costs.

(Emphasis added).

The terms of the offer and corresponding final order provided a clear resolution of the entirety of the case. Neither the offer of judgment nor the judgment evidencing the acceptance of the offer mentioned the grant of partial summary judgment or contained a reservation of the right to appeal. It is important to note that before Mr. Jackson accepted Trucking Company's offer of judgment, he had already attempted to appeal from the grant of partial summary judgment pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Thus, except as provided in Rule 54.02 of the Tennessee Rules of Civil Procedure, Mr. Jackson could not appeal from the court's grant of partial summary judgment until a final order, disposing of all of the claims for relief, had been entered. Indeed, an appeal as of right is not available from an order that adjudicates fewer than all of the claims

for relief.  Tenn. R. App. P. 3(a).  Mr. Jackson asserts that as evidenced by his notice of appeal, he is appealing the original grant of partial summary judgment, not the issues disposed of in the Rule 68 judgment.

While this court has not encountered this precise factual scenario, similar claims have been discussed in cases decided by other courts.  Decisions from those courts while persuasive, are not controlling on this court.  One such court held that orders and rulings filed before a party's acceptance of a Federal Rule 68 offer of judgment "were merged with or [were] an integral part of the consent judgments, such that they [were] subject to the general rule of non-appealability." *Mock v. T.G. & Y Stores Co.*, 971 F.2d 522, 527 (10th Cir. 1992).  In *Mock*, the court noted that the "consent judgments dismissed the entire case of each plaintiff with absolutely no indication that particular claims would be appealed."  *Id.*  Another court held that parties who accept the substance of a consent order waive their right to appeal unless they specifically reserve the right to appeal.  *See Taylor Brands, LLC v. GB II Corp*, 627 F.3d 874, 878 (Fed. Cir. 2010) (clarifying that when a party consents to the substance of an order, as opposed to merely consenting to the form of an order, that party has presumptively "waived its right to appeal-absent an express reservation of that right on the record").  In *Taylor Brands*, the court stated that "voluntarily agreeing to an adverse substantive outcome is an indication that the party has abandoned its underlying claims or defenses."  *Id.* at 878.  The court ultimately held that the plaintiff had merely consented to the form of the final order in order to facilitate appellate review of the grant of summary judgment that disposed of the majority of his claims.  *Id.* at 878-79.

While the judgment in this case was not entirely adverse to Mr. Jackson, he agreed to forego a trial in exchange for a sum of money, thereby releasing his claim against Trucking Company.  Indeed, Mr. Jackson accepted the offer of judgment and corresponding award of $5,500 before submitting his acceptance of the offer to the court for the issuance of a Rule 68 judgment.  Prior to the court's filing of the judgment, both parties announced that Trucking Company had satisfied the judgment.  The judgment provided no indication that Mr. Jackson would be appealing any of his particular claims.  Additionally, pursuant to Rule 68 of the Tennessee Rules of Civil Procedure, Mr. Jackson could have reserved the right to appeal the summary judgment issue by rejecting the offer of judgment and submitting his own offer with a reservation of the right to appeal.  The rule specifically provides that the denial of an offer does not preclude subsequent offers before trial and that the prosecuting party may serve an offer of judgment on the adverse party.  Thus, we believe Mr. Jackson's assertion that he was forced to accept or reject the terms of the offer in its entirety without any recourse or hope of reaching an agreement is unpersuasive.  With these considerations in mind, we conclude that the prior orders merged with the final order evidencing the Rule 68 offer of judgment and that Mr. Jackson's acceptance of that offer without reservation amounted to a waiver of the right to appeal the prior grant of partial summary judgment.

Accordingly, we dismiss the appeal. Having dismissed the appeal, we will not address the remaining issues related to the appeal of the grant of partial summary judgment.

## V. CONCLUSION

The appeal is dismissed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Leroy Jackson, Jr.

_____
JOHN W. McCLARTY, JUDGE