# United States Court of Appeals
# for the Federal Circuit

———————————————

**DARALD G. BLY,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————————

2017-1287

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-502, Judge Margaret C. Bartley, Judge William Greenberg, Senior Judge Bruce E. Kasold.

———————————————

Decided: March 2, 2018

———————————————

BRANDON MICHAEL SELINSKY, Rocky Mountain Disability Law Group, Denver, CO, argued for claimant-appellant.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY; Y. KEN LEE, JONATHAN

KRISCH, Office of General Counsel, United States De-
partment of Veterans Affairs, Washington, DC.

———————————

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

Darald G. Bly applied for attorneys' fees and expenses
under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.
§ 2412. The Court of Appeals for Veterans Claims ("Vet-
erans Court") determined that his application was un-
timely under the EAJA and the Veterans Court's own
rules. Because we find that the Veterans Court erred in
finding the EAJA application untimely, we vacate and
remand.

## BACKGROUND

In November 2014, the Board of Veterans' Appeals
("BVA") denied Mr. Bly's request for service connection for
bilateral hearing loss. In February 2015, Mr. Bly timely
appealed that decision to the Veterans Court. After his
opening brief was filed, Mr. Bly and the government filed
a joint motion for partial remand to the BVA. On Janu-
ary 5, 2016, the Veterans Court granted the motion and
partially remanded to the BVA. Citing to Rule 41(b) of
the Veterans Court's Rules of Practice and Procedure, the
Veterans Court noted that "this order is the mandate of
the Court." J.A. 37.

On February 5—thirty-one days after the Veterans
Court order issued—Mr. Bly applied for attorneys' fees
and expenses under the EAJA. We have previously
established that remand orders from the Veterans Court
may in some cases entitle veterans to EAJA fees and
expenses. *See, e.g.*, *Dover v. McDonald*, 818 F.3d 1316,
1318–19 (Fed. Cir. 2016); *Thompson v. Shinseki*, 682 F.3d
1377, 1381 (Fed. Cir. 2012). Under 28 U.S.C.
§ 2412(d)(1)(B), such EAJA applications must be made

"within thirty days of final judgment in the action." Measuring from the date of the order's issuance, the Veterans Court found Mr. Bly's application one day late and denied it. *Bly v. McDonald*, 28 Vet. App. 256, 259–61 (2016).

The Veterans Court relied on three of its own rules in reaching this conclusion. First, Rule 39(a) restates the EAJA's requirement that applications be made "not later than 30 days after the Court's judgment becomes final." Second, Rule 36(b)(1)(B)(i) states, in relevant part, that "[j]udgment is effective on . . . the date of a Court order on consent . . . remanding a case . . . when the order states that it constitutes the mandate of the Court." Finally, Rule 41(a) states that "[m]andate is when the Court's judgment becomes final," and Rule 41(b) directs that mandates are generally issued 60 days after judgment unless "issued as part of an order on consent . . . remanding a case" or if "the Court directs otherwise." The Veterans Court reasoned that its judgment became final immediately, because the order remanded the case on consent and stated that it was the mandate of the court. *Bly*, 28 Vet. App. at 260. Because Mr. Bly's application followed more than 30 days after that order, the Veterans Court found it untimely. *Id.*

Mr. Bly timely appealed the Veterans Court's denial of his application to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

The question in this case is not how to interpret the Veterans Court's rules but rather the proper interpretation of the EAJA. To the extent that the Veterans Court's rules define finality in a way that differs from the EAJA's definition, the statute must control for EAJA purposes. *See Synopsys, Inc. v. Ricoh Co.*, 661 F.3d 1361, 1370 n.5 (Fed. Cir. 2011) (noting that local court rules cannot override federal statutes); *Durr v. Nicholson*, 400 F.3d

1375, 1382 (Fed. Cir. 2005) (holding that the Veterans Court's rules may not alter its statutorily designated jurisdiction).

As noted above, the EAJA directs that applications for fees and expenses must be made "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The statute also provides that "'final judgment' means a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G). And as a general matter, decisions of the Veterans Court are appealable to the Federal Circuit for 60 days after judgment is entered. *See* 38 U.S.C. § 7292(a); Fed. R. App. P. 4(a)(1)(B)(iii). Mr. Bly argues that the Veterans Court's judgment was not yet "final and not appealable" until 60 days after the date of the remand order. As a result, Mr. Bly argues that his application was timely.

On the other hand, the government argues that the remand order was "not appealable" as of the date it was issued because the possible grounds for appealing a remand order are so limited. The government contends that the order should have been considered effectively final and not appealable for EAJA purposes when it issued. The question is whether the Veterans Court order here was "not appealable" as of the date it issued.

In general, parties lack standing to appeal judgments entered on consent except in limited circumstances, such as where the would-be appellant seeks to challenge the trial court's subject-matter jurisdiction, contends that there was no consent, or consented to the form but not the substance of the judgment. *See Taylor Brands, LLC v. GB II Corp.*, 627 F.3d 874, 877–79 (Fed. Cir. 2010); *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 609 & n.5 (9th Cir. 2007); *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1019 (D.C. Cir. 1998); 15A Charles Alan Wright et al., *Federal Practice & Procedure* § 3902 (2d ed. 1992) ("[A]ppeal can be taken to claim lack of subject matter jurisdiction or

matters that would justify nullifying consent."). But the limited nature of these grounds does not suggest that the Veterans Court's order here was not subject to appeal.

We have previously confronted—and rejected—a similar argument in the context of voluntary dismissals. *See Impresa Construzioni Geom. Domenico Garufi v. United States*, 531 F.3d 1367 (Fed. Cir. 2008). In *Impresa*, we observed that the courts of appeals have taken two differing approaches to finality for EAJA purposes. Some circuits have adopted a categorical or "uniform rule whereby the time for filing an EAJA request would run from the expiration of the time for appeal, without consideration of whether the *particular* final judgment would have or could have been appealed." *Id.* at 1370 (emphasis added) (citing *Hoa Hong Van*, 483 F.3d 600; *Scafar Contracting, Inc. v. Sec'y of Labor*, 325 F.3d 422 (3d Cir. 2003); *Adams v. SEC*, 287 F.3d 183 (D.C. Cir. 2002)). Other circuits prefer "a 'functional approach' . . . generally requiring the case by case exploration of whether an appeal could have been taken by either party." *Id.* (citing *Briseno v. Ashcroft*, 291 F.3d 377 (5th Cir. 2002) (per curiam); *Bryan v. OPM*, 165 F.3d 1315 (10th Cir. 1999)). In the interests of providing clear guidance, removing unnecessary obstacles to filing EAJA applications, and preserving judicial economy, we adopted the uniform rule for voluntary dismissals, "at least where the order of dismissal does not specifically prohibit appeal." *Id.* at 1371.

We see no reason to depart from *Impresa*'s uniform rule in the context of consent judgments, at least where the order does not specifically prohibit appeal. To be sure, the appealability of remand orders on consent is even more limited than that of voluntary dismissals. In particular, remand orders to the BVA generally are not appealable because they are not final. *Williams v. Principi*, 275 F.3d 1361, 1363–64 (Fed. Cir. 2002). Nonetheless, we think that having a uniform rule in this area, as with

voluntary dismissals, best serves the legislative purpose of the EAJA. A uniform rule will discourage "satellite litigation" on appealability and timeliness, which would "add cost and delay while not yet reaching the merits." *Impresa*, 531 F.3d. at 1372. We conclude that the consent judgment here became "not appealable" 60 days after the entry of the remand order.

The government also contends that the Veterans Court's remand order was "an order of settlement" and therefore a final judgment as defined by § 2412(d)(2)(G). We disagree. Although the order granting the joint motion for partial remand concluded Mr. Bly's appeal to the Veterans Court, it did not resolve his underlying service-connection dispute. That dispute will continue before the BVA and, depending on the outcome, may well return to the Veterans Court in a future appeal. We do not think this fits within the plain meaning of "settlement." *See, e.g.*, *Settlement*, *Black's Law Dictionary* (10th ed. 2014) ("An agreement ending a dispute or lawsuit . . . .").

Finally, the government asserts as a policy matter that our approach will postpone the BVA's reclaiming jurisdiction over claims and, as a result, impose unnecessary delay on veterans. We disagree. A judgment's finality for EAJA purposes and the issuance of a mandate from the Veterans Court to the BVA have no necessary connection. As it did in this case, the Veterans Court may issue its mandate simultaneously with the issuance of a remand order pursuant to its Rule 41(b)(2)(i) and 41(b)(3). This would permit the BVA to reclaim jurisdiction promptly, notwithstanding the possibility that an EAJA application may be forthcoming before the Veterans Court. *Cf. Wagner v. Shinseki*, 733 F.3d 1343, 1348–49 (Fed. Cir. 2013) (reversing the Veterans Court's denial of issuance of judgment and mandate notwithstanding the pendency of a supplemental EAJA application).

We note that the Practice Note to the Veterans Court's Rule 41 and Rule 41 itself are inconsistent with our holding today. The Practice Note states, "Mandate is relevant to determining the expiration of time in which to . . . file an application pursuant to 28 U.S.C. § 2412(d)." Rule 41(a) states, "Mandate is when the Court's judgment becomes final and is effective as a matter of law pursuant to 38 U.S.C. § 7291," which itself directs that the Veterans Court's decisions are final "upon the expiration of the time allowed for filing . . . a notice of appeal," § 7291(a). Rule 41(b)(2) then directs that, for certain decisions including remand orders, mandate issues immediately. We assume that the Veterans Court will take appropriate steps to revise the Rule and Practice Note.

## CONCLUSION

Mr. Bly's application for attorneys' fees and expenses was timely filed pursuant to the EAJA.[1] We vacate and remand for the Veterans Court to consider his application on the merits in the first instance.

## VACATED AND REMANDED

### COSTS

Costs to Mr. Bly.

---

[1] Mr. Bly's application was in fact premature because it was filed one month before the judgment became final on March 5, 2016, but courts generally treat as timely EAJA applications filed even before a judgment becomes final. *E.g.*, *Brewer v. Am. Battle Monuments Comm'n*, 814 F.2d 1564, 1569–70 (Fed. Cir. 1987).