# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 17-1138

SOTERO R. LOPEZ, APPELLANT,

V.

PETER O'ROURKE,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before DAVIS, *Chief Judge*, and PIETSCH and GREENBERG, *Judges.*

## O R D E R

On April 19, 2017, Sotero R. Lopez filed a Notice of Appeal (NOA) from a May 13, 2016, Board of Veterans' Appeals (Board) decision. The Secretary moved to dismiss the appeal, arguing that because Mr. Lopez "failed to file [a] motion for [Board] reconsideration within the time period for filing a judicial appeal, the 120-day judicial appeal period was not tolled, and the procedural standards established in *Rosler* [*v. Derwinski*], 1 Vet.App. [241,] 249 [(1991)], are not available to him." Secretary's Motion To Dismiss at 3; *see also* 38 U.S.C. § 7266(a) (providing a 120-day period in which to file an NOA); *Rosler,* 1 Vet.App. at 249 (holding that if, following a final Board decision, the claimant files a motion for reconsideration with the Board during the 120-day appeal period, the finality of the Board decision is abated). The Board received Mr. Lopez's motion for reconsideration of the Board decision on October 25, 2016, 165 days after the Board decision was mailed, and Mr. Lopez filed his NOA with the Court on April 19, 2017, 105 days after the Board denied reconsideration.

Generally, an appellant may obtain Court review of an adverse Board decision only if the appellant submits an NOA to the Court within 120 days of the date on which the Board mailed its decision. 38 U.S.C. § 7266(a). There is, however, an exception to this general rule when a veteran has asked the Board to reconsider the decision that he or she wishes to appeal to the Court. If a "claimant files a motion for reconsideration with the Board during the 120-day judicial appeal period, the finality of the initial Board decision is abated by that motion for reconsideration." *Threatt v. McDonald*, 28 Vet.App. 56, 60 (2016) (citing *Rosler*, 1 Vet.App. at 249). "'A new 120-day period begins to run on the date on which the [Board] mails to the claimant notice of its denial of the motion to reconsider.'" *Id.* at 60 (quoting *Rosler*, 1 Vet.App. at 249).

"[T]he finality of a Board decision may be abated even when a request for reconsideration is filed beyond the 120-day appeal period, provided the circumstances surrounding such a filing warrant equitable tolling." *Palomer v. McDonald*, 27 Vet.App. 245, 251 (2015) (per curiam order). To establish entitlement to equitable tolling, an appellant must demonstrate that an extraordinary circumstance prevented the appellant from filing a timely NOA and that the appellant exercised due diligence in attempting to file the NOA. *See Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014). "Equitable tolling is not limited to a small and closed set of factual patterns," and the Court must consider equitable tolling on a "case-by-case basis," "avoiding mechanical rules," and

observing "the need for flexibility." *Sneed v. Shinseki*, 737 F.3d 719, 726 (Fed. Cir. 2005) (internal quotation marks omitted). "Furthermore, it is the appellant's burden to demonstrate entitlement to equitable tolling and to produce any evidence supporting his claim for equitable tolling." *See Palomer*, 27 Vet.App. at 251.

In response to a Court order directing him to show cause why his appeal should not be dismissed, Mr. Lopez presents three arguments for why he is entitled to equitable tolling of the 120-day period following the mailing of the Board's decision. First, Mr. Lopez states that he was "given false information" about the appeals process. Appellant's Response at 1. Specifically, Mr. Lopez asserts that he was "informed that if denied three times by the VA, [which happened to him, then] veterans were no lon[g]er allowed to pursue the appeal process." *Id.* Second, Mr. Lopez states that after his wife underwent surgery on February 3, 2016, he provided "around-the-clock care" for her. *Id.* Third, Mr. Lopez states that he is 75 years old and forgetful.

## A. Misinformation About the Appeals Process

Although Mr. Lopez contends that he was provided "false information" about the appeals process, he provides no information regarding who provided the alleged misinformation, when he sought or received this information, or what questions he may have asked this person or persons so that his reliance on the answer precluded timely filing. *See Palomer*, 27 Vet.App. at 251; *see also Nelson v. Nicholson,* 19 Vet.App. 548, 553 (2006) (refusing to extend equitable tolling to cases involving attorney neglect such as missing a filing deadline), *aff'd,* 489 F.3d 1380 (Fed. Cir. 2007); *Leonard v. West,* 12 Vet.App. 554, 555 (1999) (per curiam order) (refusing to grant equitable tolling where the service representative took a long time to review the claim and the U.S. Post Office closed early on the last day of the filing period).[1] Therefore, Mr. Lopez fails to demonstrate that any misinformation he received about the appeals process warrants equitable tolling.

## B. Around-the-Clock Caretaker

Next, Mr. Lopez contends that equitable tolling is warranted because his wife's February 23, 2016, surgery required him to provide her "around-the-clock care" "for several months" after the surgery. The back surgery, however, occurred more than 3 months *before* the Board's decision was mailed to Mr. Lopez. Indeed, Mr. Lopez's wife had surgery on February 3, 2016, and the Board's decision was mailed on May 13, 2016. Additionally, Mr. Lopez does not specify how long he cared for his wife, including whether he cared for her during the 120-day period following the mailing of the Board decision. Thus, the Court concludes that on this basis Mr. Lopez fails to demonstrate that equitable tolling is warranted. *See Palomer*, 27 Vet.App. at 251.

---

[1] Additionally, although Mr. Lopez does not state who provided him misinformation about the appeals process, the Board's decision indicates that he was represented by the American Legion. Because the Court has held that misleading advice from a veterans service organization does not warrant equitable tolling, even if the American Legion provided Mr. Lopez with incorrect information, equitable tolling is still not warranted. *See Smith v. West*, 13 Vet.App. 525, 528-29 (2000) (holding that misleading advice from a veterans service organization does not warrant equitable tolling).

## C. Forgetfulness

Finally, Mr. Lopez argues that he is occasionally forgetful because he is 75 years old. Equitable tolling may be warranted if a claimant's mental or physical illness "rendered him incapable of rational thought or deliberate decision making . . . or incapable of handling [his] own affairs or unable to function [in] society." *See Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004) (internal quotation marks omitted); *see also Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (extending *Barrett* to all infirmities that prevent a claimant from handling his own affairs). However, a "medical diagnosis alone or vague assertions of mental [or physical] problems will not suffice" to support a finding that equitable tolling is warranted. *Barrett*, 363 F.3d at 1321.

In this case, the facts undermine Mr. Lopez's argument, as he was able to file his NOA within 120 days of the Board's denial of his motion for reconsideration and responded to the Court's July 10, 2017, order within 30 days. Moreover, other than vague assertions of forgetfulness, Mr. Lopez fails to provide evidence that his asserted mental condition rendered him *incapable* of "rational thought or deliberate decision making . . . or incapable of handling [his] own affairs or unable to function [in] society." *Barrett*, 363 F.3d at 1321 (internal quotation marks omitted). On the contrary, Mr. Lopez reports that to meet financial needs he came out of retirement and went back to work during the period in question. In sum, Mr. Lopez fails to demonstrate that his forgetfulness prevented him from filing his request for reconsideration within the 120-day period following issuance of the Board decision. *See Barrett*, 363 F.3d at 1321; *Palomer*, 27 Vet.App. at 251; *see also Claiborne v. Nicholson,* 19 Vet.App. 181, 187 (2005) (physicians' letters stating that the claimant's dementia "has severely impaired his ability for rational thought/deliberate decision making" and "has severely impaired his ability to handle his own affairs or function in society" did not meet *Barrett*'s "high standard" for equitable tolling).

Based on the foregoing analysis, the Court concludes that Mr. Lopez fails to demonstrate that misinformation about the appeals process, time spent caring for his wife, or forgetfulness, individually or together, warrant equitable tolling of the 120-day period to file a motion for reconsideration in order to abate the finality of the Board decision for purposes of timely filing an NOA. The Court, therefore, will dismiss his appeal.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is granted, and the appeal is DISMISSED for lack of jurisdiction.

DATED: June 1, 2018                                                    PER CURIAM.

GREENBERG, *Judge*, dissenting: Dissent for its own sake has no value, and can threaten the collegiality of the bench. However, where significant and deeply held disagreement exists, members of the Court have a responsibility to articulate it. William J. Brennan, *In Defense of Dissents*, 37 HASTINGS L.J. 427, 434 (1985). As I have repeatedly stated, our "jurisprudence must be more inclusive so as to properly discharge the essential duty of equity: to provide relief in light of diverse and infinite circumstances for which fixed laws cannot account." *Palomer v. Mcdonald,* 27 Vet.App. 245, 257 (2015) (Greenberg, J., dissenting), *aff'd*, *Palomer v. McDonald,* 646 F. App'x 936 (Fed. Cir. 2016); *see also James v. Shulkin,* 29 Vet.App. 127 (2017) (Greenberg, J.,

3

dissenting); *Mead v. Shulkin,* 29 Vet.App. 159 (2017) (Greenberg, J., dissenting); *Bly v. McDonald,* 28 Vet.App. 256 (2016) (Greenberg, J., dissenting), *vacated and remanded*, *Bly v. Shulkin,* 883 F.3d 1374 (Fed. Cir. 2018); *Threatt v. McDonald,* 28 Vet.App 56 (2016); *Aldridge v. McDonald,* 27 Vet.App. 392 (2015) (Greenberg, J., dissenting), *aff'd*, *Aldridge v. McDonald,* 837 F.3d 1261 (Fed. Cir. 2016); *Ferguson v. Shinseki,* No. 13-1149, 2014 WL 463690 (U.S. Vet.App. Feb. 6, 2014) (per curiam order) (Greenberg, J., concurring). If a veteran files an NOA, I will accept it—timely, or otherwise—as long as it is filed without intentional disregard of the Court's rules. I believe that the arbitrary guidelines for equitable tolling ignore the realities of a disabled veteran's life.

The Court often cites the U.S. Supreme Court's statement in *Henderson ex. rel Henderson v. Shinseki* (*Henderson),* that the 120-day limit is "an important procedural rule." 562 U.S. 428, 441-42 (2011). However, this statement is not necessary to the holding here because *Henderson* dealt with the question of whether the statutory appeal period was jurisdictional in nature, not with determining minimal guidelines for equitable tolling. *See id.*

Justice Alito on behalf of the *Henderson* Court found that jurisdictional consequences were not intended to attach to the statutory 120-day limit, relying on the "high degree of informality and solicitude" afforded to veterans and that the veterans claims adjudication system was "unusually protective" of claimants. *Id.* at 431, 437. He twice cited the lack of a filing deadline for claims, the nonadversarial nature of the system at VA, the duty to assist veterans, the benefit of the doubt doctrine, and the ability to reopen claims "simply" by submitting new and material evidence, as proof that Congress intended to help, not limit, veterans. *Id.* at 430-32, 440-42. Absent from the decision is the suggestion that extraordinary circumstances must exist to allow a veteran to untimely appeal to the Court. Rather, Justice Alito focused on the extraordinary nature of the claimants and observed that "veterans have a remarkable record of success" at the Court. *Id.* at 432.

Equitable tolling should be a factual determination of the merits judge not subject to peer review. Our statutory authority and the Court's Internal Operating Procedures (IOPs) contemplate the ability of single Judges to rule on nondispositive matters without interference. 38 U.S.C. § 7254(b); *see also* U.S. VET. APP. IOP X(a). A grant of equitable tolling should be treated like any other nondispositive case matter.

I dissent today and will continue to dissent from dismissal of untimely appeals, because "[h]ere I draw the line." William J. Brennan, *In Defense of Dissents* at 437 (internal quotation marks omitted). I do not do so as a mere gratuity, but because "the obligation that all of us, as American citizens have, and that judges, as adjudicators, particularly feel, is to speak up when we are convinced that the fundamental law . . . requires a given result." *Id*. at 438.